**Anthony PARENTE, Plaintiff, Appellant,**

v.

**TOWN OF WEST WARWICK, et al., Defendants, Appellees.**

**No. 88–1651.**

United States Court of Appeals, First Circuit.

Heard Feb. 7, 1989.

Decided March 2, 1989.

apparatus." *Id.* at 874. Apparently, the details of appellant's conviction for conspiracy to commit statutory burning are not to be found in the agreed statement of facts or elsewhere in the record. We do not hesitate, however, to take judicial notice of the Supreme Court of Rhode Island's opinion affirming Parente's conviction, published five days before the Town Council voted to terminate his employment, which makes clear that Parente was convicted for precisely the reason stated by the district court. *State v. Parente,* 460 A.2d 430 (1983). The Rhode Island Supreme Court held that "It is clear from Roberts's [a coconspirator's] testimony that defendant agreed to slow down the fire department's response to the fire in order to enable the warehouse to burn...." *Id.* at 440. In light of this, we are considerably surprised by appellant's counsel's statement made at oral argument, "I honestly don't know if the criminal record reflects anything relating to his position."

Appellant notes that according to the agreed statement of facts, the Pension Board "believed that the fact that Plaintiff ... had been criminally convicted required them to deny him his pension benefits under the terms of § 6.03 of the Pension Plan...." We do not read this agreed upon fact as referring to just *any* criminal conviction, but rather to appellant's *actual* conviction, which was undoubtedly well known to the members of the Pension Board and which clearly concerned "criminal action ... in connection with his position." Under these circumstances, we agree with the district court that due process did not require the Pension Board to make a specific finding of fact that Parente was convicted of action "in connection with his position."

Appellant has cited *Winston v. City of New York,* 759 F.2d 242 (2d Cir.1985), as authority for the proposition that due process requires a separate determination of fact that a public employee's conduct warrants forfeiture of his pension. *Winston* is

Sandra A. Blanding, with whom Amato A. DeLuca and Revens & DeLuca Ltd., Warwick, were on brief, for plaintiff, appellant.

G. John Gazerro, Jr., with whom, Gazerro & Richardson, West Warwick, were on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, COFFIN, Senior Circuit Judge, and TORRUELLA, Circuit Judge.

PER CURIAM.

After consideration of the briefs, arguments, and record, we affirm substantially for the reasons set forth in the district court's opinion. *Parente v. Town of West Warwick,* 685 F.Supp. 873 (D.R.I.1988).[1] We add the following so as to address certain points raised on appeal.

In his argument to us, appellant Parente calls into question the district court's statement that "[Parente's] part in the scheme was to delay the response time of the fire

---

1. Because we view the actions of the Town Council and the Pension Board as consistent with the requirements of due process, we do not reach the district court's alternative holding that the availability of a post-deprivation state remedy itself satisfied Parente's due process rights.

clearly distinguishable from this case, however. In *Winston*, three New York City school teachers appealed from the forfeiture of their pensions under the New York City Administrative Code. Two of the teachers had lost their pensions because of allegations of incompetence and inefficiency. The third teacher had been found *innocent* by a hearing panel of a charge of recklessly injuring a student; she resigned her job for fear that the hearing panel's determination would be reversed on appeal and she would then lose her pension. We do not disagree with the *Winston* holding that, as a general matter, an employee should not forfeit his pension without a specific finding that his conduct warrants such forfeiture. But we question *Winston*'s applicability to this case. In this case, the Pension Board had before it neither an allegation of incompetence nor an acquittal, but the criminal conviction of a firefighter for conspiring to let a fire burn. Under the facts of this case, a separate determination by the Pension Board that appellant had engaged in conduct that warranted forfeiture of his pension would have been an unnecessary formality.

AFFIRMED.