56 F.3d 68
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Vincent Canalli LEE, Appellant,
v.
Dennis DIDDY; Tom Boyd; Ralph Collin McBee; Detective
Romar; C.E. Johnson; Scott Wiegart; Two I.D. Technicians
for City of Des Moines; Jamie Bowers; Underwood, Narcotic
Agent; Rector, Narcotic Agent; Scott Anderson, Narcotic
Agent; Greenfield, Narcotic Agent; Richard Hildreth,
Narcotic Agent; Detective on Subpoena 6/19/89; Des Moines
and Narcotics Agents with Warrant of 6/28/89; Marsha
Morton; Sandra Stoltenow, Appellees.
 No. 94-3815
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 9, 1995
Filed: May 12, 1995
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vincent Canalli Lee appeals the district court's[1] dismissal for failure to state a claim in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 On August 23, 1990, Lee filed a complaint against the cities of Des Moines, West Des Moines, and Clive; the State of Iowa; Polk County; and at least twenty-one individuals employed by the cities, State, and county, who apparently were involved in his arrest, prosecution, and conviction on narcotics offenses. Lee alleged that he was entrapped, slandered, defamed, and falsely arrested; that defendants obstructed justice, fabricated and falsified evidence against him, committed perjury at trial, and denied him equal protection. Lee's claims were based on his allegation that evidence was planted at the scene of his arrest, and that there were flaws in the subsequent chain of custody of the planted evidence. Lee sought to have the charges against him dropped and to recover money damages.
 
 
 3
 The district court initially stayed the action under Offet v. Solem, 823 F.2d 1256 (8th Cir. 1987), so that Lee could exhaust his state post-conviction remedies. The district court later dismissed Lee's action, concluding that, under Heck v. Humphrey, 114 S. Ct. 2364 (1994), no cause of action existed because Lee's conviction had not been reversed, expunged, invalidated, or called into question by issuance of a state or federal writ of habeas corpus.
 
 
 4
 We review de novo the dismissal for failure to state a claim, viewing the complaint most favorably to Lee. See Schafer v. Moore, 46 F.3d 43, 44-45 (8th Cir. 1995) (per curiam). We agree with the district court that a judgment in Lee's favor in his section 1983 action for damages-concluding that defendants fabricated and falsified evidence against him-would "necessarily imply the invalidity of his conviction or sentence"; therefore, Lee's section 1983 claim is not cognizable and must be dismissed unless and until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. Sec. 2254." Heck, 114 S. Ct. at 2372.
 
 
 5
 We do not consider Lee's motion to recuse Judge Hansen, as he is not a member of this panel.
 
 
 6
 Accordingly, we affirm but modify the judgment to a dismissal without prejudice. See Schafer, 46 F.3d at 45 (applying Heck and dismissing without prejudice for failure to state a claim).
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa