56 F.3d 68
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Jerry Lynn JONES, Appellant,
v.
Dick MOORE; Gail Hughes; George A. Lombardi; Myrna
Trickey; Dale Riley; Randee Kaiser; Cranston Mitchell;
Paul D. Caspari; Janet Schneider; Larry Riley; Ted Fertig;
Barry Dolan; Jeanie Schneider/Theis; Jennifer Sasche;
Cameron Danniels; 6-Members of Joint Committee on
Corrections; Victoria Myers; Betty Day; Bill E. Ducan;
Wilber Kirchner, Appellee.
 No. 93-2192
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 16, 1995
Filed: May 30, 1995
 
 Before BEAM, Circuit Judge, GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Jerry Lynn Jones, a Missouri inmate, timely appeals the district court's[1] dismissal of his complaint. In his complaint, Jones asserted that application to him of a 1990 amendment to a Missouri statute-requiring convicted sex offenders to complete a treatment program prior to being eligible for early release-violated his constitutional rights. See Mo. Rev. Stat. Sec. 589.040.2 (Supp. 1994). Jones further alleged that a 1986 Missouri statute allowing parole victims to attend parole hearings violated the Ex Post Facto Clause of the Constitution. For the reasons discussed below, we affirm.
 
 
 2
 Since the district court's ruling, we have held that inmates cannot maintain a section 1983 challenge to the application of the 1990 amendment unless their convictions or sentences are reversed, expunged, or called into question because if they prevailed, "the result would necessarily imply the invalidity of [their] continued confinement." See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam); see also Heck v. Humphrey, 114 S. Ct. 2364 (1994). While Jones alleges he is not challenging the duration of his confinement, his complaint seeks damages for being kept in prison beyond the time he claims he would have been released, but for the treatment program requirement. Because a successful outcome would necessarily imply the invalidity of his confinement, the complaint was properly dismissed. See Schafer, 46 F.3d at 45. Although we affirm the district court's order, we modify the dismissal to be without prejudice. Further, the district court correctly rejected Jones's equal protection claim. See Klinger v. Department of Corrections, 31 F.3d 727, 732-34 (8th Cir. 1994) (using inter- prison program comparisons to analyze equal protection claims improperly assumes Constitution requires all prisons to have similar programs), cert. denied, 115 S. Ct. 1177 (1995).
 
 
 3
 As to the statute allowing victims to attend parole hearings, Jones failed to state a claim because that statute does not affect a substantial right. Cf. Mosley v. Klincar, 947 F.2d 1338, 1340 (7th Cir. 1991) (statute notifying victims of parole hearings did not implicate ex post facto concerns because inmate's substantial right not affected).
 
 
 4
 We do not consider Jones's deliberate-indifference argument raised for the first time on appeal. See Dorothy J. v. Little Rock Sch. Dist., 7 F.3d 729, 734 (8th Cir. 1993). In addition, the district court did not abuse its discretion in denying leave to amend because the amendment sought to add new parties and unrelated claims. See Fuller v. Secretary of Defense, 30 F.3d 86, 89 (8th Cir.) (motion to amend properly denied where complaint added new defendants and substantially different claims), cert. denied, 115 S. Ct. 583 (1994).
 
 
 5
 Accordingly, in light of the foregoing, we affirm but modify the judgment to a dismissal without prejudice. We deny as moot Jones's motion for a writ of habeas corpus ad prosequendum.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Catherine D. Perry, then United States Magistrate Judge for the Eastern District of Missouri, now United States District Judge