USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1838 GARY WHITE, Plaintiff, Appellant, v. ROBERT GITTENS, ET AL., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Douglas W. Salvesen with whom Yurko & Perry, P.C. was on brief ___________________ ___________________ for appellant. Gregory I. Massing, Assistant Attorney General, with whom Scott __________________ _____ Harshbarger, Attorney General, was on brief for appellee. ___________ ____________________ August 21, 1997 ____________________ CAMPBELL, Senior Circuit Judge. The Massachusetts _____________________ Parole Board revoked Gary White's parole based on information from state social service authorities alleging that he had molested his step-daughter. White was not offered or furnished with counsel at his parole revocation hearing. He brought this action under 42 U.S.C. 1983 in the federal district court against the former and current members of the Massachusetts Parole Board, asserting that they had deprived him of his constitutional due process rights by failing to adopt regulations providing for the appointment of counsel at parole revocation hearings and by not furnishing counsel in his case. The district court dismissed, holding that White's 1983 action was barred by res judicata and that the parole board members were protected by qualified immunity. Because of events which occurred after the district court's decision, we vacate the district court's order and remand with an order to dismiss the action without prejudice. I. Background ______________ We describe the facts in the light most favorable to White. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. ___ _________ ____ 1993) (on motion to dismiss, a court takes allegations in complaint as true and makes all reasonable inferences in plaintiff's favor). Gary White was convicted of armed robbery in 1987 and sentenced to twelve years' imprisonment. He was paroled -2- 2 on September 19, 1989. While paroled, White married his current wife, Gina White, and began living with her and her three children, Melany (age 3), Matthew (age 4), and Marlene (age 5). In 1990, Melany's behavior changed, and she was evaluated to determine if she had been sexually abused. Melany met with an evaluator once a week for six weeks, with Gina White present at each meeting. The evaluation was inconclusive, and Melany's physician could not find any evidence of sexual contact. Nevertheless, the Massachusetts Department of Social Services ("DSS") removed the three children from the Whites' home on April 25, 1990, and placed them in foster care.  The DSS filed a report alleging that White was sexually abusing his step-children and sent a copy of this report to the Plymouth County District Attorney's office. The district attorney's office did not bring charges against White. When in July of 1992 DSS offered to permit the children to return to their mother if White moved out of the house, White informed his parole officer of the DSS's abuse report and of the agency's request that he move. White's parole officer thereupon notified White that a preliminary parole revocation hearing would be held on September 10, 1992. After the preliminary hearing, a final parole -3- 3 revocation hearing was held on November 19, 1992. Throughout the proceedings, White maintained he had not abused his step- children. White was not represented by counsel, being unable to afford a private attorney, and the parole board did not offer to provide White with appointed counsel. The parole board voted to revoke White's parole and returned him to prison. On March 29, 1995, White filed an action which he labeled a petition for habeas corpus in the Massachusetts Superior Court, challenging the revocation of his parole on several grounds. On April 21, 1995, the Superior Court ruled that White was entitled to a new parole revocation hearing within sixty days because the parole board had violated its own regulations by failing to provide White with a copy of the DSS report. White v. Bissonnette, No. 95- _____ ___________ 1729-C, slip. op. at 4 (Mass. Dist. Ct. April 21, 1995), vacated as moot, 667 N.E.2d 920 (Mass. App. Ct. 1996), review _______________ ______ denied, 674 N.E.2d 1085 (Mass. 1996). Citing Gagnon v. ______ ______ Scarpelli, 411 U.S. 778 (1973), the Massachusetts Superior _________ Court also held that the Due Process Clause of the Fourteenth Amendment required the parole board to appoint counsel for White at the new hearing if the board determined that White was indigent. Id. at 6.  ___ Although White had styled his state court action as one for habeas corpus relief, the Massachusetts Superior -4- 4 Court, citing Massachusetts Parole Bd. v. Brusgulis, 532 __________________________ _________ N.E.2d 45 (Mass. 1989), held that the suit was actually for declaratory relief because, if his suit was successful, White would not be freed altogether but would instead return to parole. Bissonnette, slip op. at 6. ___________ The parole board appealed from the Superior Court's order that the board provide White with counsel at the new hearing. White appealed from the Superior Court's holding that his action should be regarded as one for declaratory, not habeas corpus, relief. Before the parole board provided White with a new hearing, White's sentence expired and he was released from prison. The parole board then moved for voluntary dismissal of its appeal. This motion was allowed on July 27, 1995. On July 22, 1996, the Massachusetts Appeals Court ordered the Superior Court's judgment to be vacated because the matter had become moot when White was released from prison, and remanded the case to the Superior Court with a direction to dismiss the action. White v. _____ Massachusetts Parole Bd., 667 N.E.2d 920 (Mass. App. Ct. _________________________ 1996), review denied, 674 N.E.2d 1085 (Mass. 1996).1 On _____________  ____________________ 1. The appeals court's order stated, "The judgment is vacated, not on the merits but because the case has become moot, and the case is remanded to the Superior Court with directions to dismiss the action." White, 667 N.E. 2d at _____ 920. Although the appeals court issued its order after the district court had rendered the judgment in the case below, and there is therefore nothing in the record evidencing the state appeals court's actions, we may take judicial notice of published state court dispositions of cases. See Lamar v. ___ _____ -5- 5 motion for rehearing, the state appeals court affirmed its original order, and the Massachusetts Supreme Judicial Court denied White's application for further review, White v. _____ Massachusetts Parole Bd., 674 N.E.2d 1085 (Mass. 1996). ________________________ On February 11, 1996, after the Superior Court had ordered a new parole revocation hearing but before the Massachusetts Appeals Court had ruled that the proceeding was moot, White filed the present complaint under 42 U.S.C.  1983 in the United States District Court for the District of Massachusetts against the current and former members of the Massachusetts Parole Board. White's complaint alleged that the defendants had violated his constitutional due process rights by neglecting to establish procedures for when counsel should be appointed for persons facing final parole revocation hearings. He claimed that the parole board had also violated his constitutional due process rights by failing to provide him with appointed counsel at his final parole revocation hearing. White requested monetary damages from the former parole board members for the  ____________________ Micou, 114 U.S. 218, 223 (1885) ("The law of any State of the _____ Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof."); Retired Chicago Police Association v. City of __________________________________ _______ Chicago, 7 F.3d 584, 609 n.30 (7th Cir. 1993) ("This court _______ can take judicial notice of the decisions of federal and state courts."); Parente v. Town of West Warwick, 868 F.2d _______ ____________________ 522, 523 (1st Cir. 1989) (taking judicial notice of a state court's opinion). See generally Fed. R. Evid. 201(b).  _____________ -6- 6 violation of his rights. He also requested declaratory relief against the parole board's current members, asking for a declaratory judgment stating that his parole revocation was unconstitutional and therefore void and stating that a person facing a parole revocation "is entitled to appointed counsel on a case-by-case basis and that appointed counsel should presumptively be provided where the parolee claims he did not commit the alleged violation." White further requested that the parole revocation be expunged from his records. On June 11, 1996, the district court allowed the defendants' motion to dismiss both because the action was barred by res judicata and because the defendants were protected by qualified immunity. The district court expressed doubt as to whether the defendants were sheltered by absolute immunity. White then brought this appeal. II. Cognizability of the 1983 Action _______________________________________ White's 1983 action is not cognizable.2 Although neither party addressed the issue, "[i]t is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."  ____________________ 2. Black's Law Dictionary defines the term "cognizable" to ______________________ mean, "Capable of being tried or examined before a designated tribunal; within jurisdiction of court or power given to ____________________________ court to adjudicate controversy." Black's Law Dictionary 259 ______________________ (6th ed. 1990) (emphasis added). See also F.D.I.C. v. Meyer, ________ ________ _____ 510 U.S. 471, 476 (1994) (stating that this is what "cognizable" ordinarily means). -7- 7 In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. ___________________________ 1988). In Heck v. Humphrey, 512 U.S. 477 (1994), the ____ ________ Supreme Court held: [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254. Id. at 487 (footnote omitted). ___ The Court ruled that habeas corpus was the only permitted mode of federal collateral attack on a state conviction. Id. at 481-82. The Court analogized 1983 ___ actions seeking damages for alleged constitutional violations related to a state criminal conviction to common law malicious prosecution claims, for which termination of the prior criminal proceeding in the accused's favor is an essential element. Id. at 484-86. A 1983 suit like the ___ present, contending that a state parole revocation was constitutionally invalid, challenges the "fact or duration of [the plaintiff's] confinement." Id. at 481; accord Crow v. ___ ______ ____ Penry, 102 F.3d 1086, 1087 (10th Cir. 1996); Littles v. Board _____ _______ _____ of Pardons & Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995) _________________________ -8- 8 (per curiam); cf. Edwards v. Balisok, ___ U.S. ___, 117 S. ___ _______ _______ Ct. 1584 (1997) (applying the Heck rule to a prisoner's ____ deprivation of good-time credits in a state prison disciplinary proceeding); Schafer v. Moore, 46 F.3d 43, 45 _______ _____ (8th Cir. 1995) (per curiam) (applying the Heck rule to a ____ state decision to deny parole); see also Preiser v. _________ _______ Rodriguez, 411 U.S. 475, 490-92 (1973) (holding that a _________ petition for habeas corpus is the only federal procedure for attacking "the validity of the fact or length" of a state prisoner's confinement and applying this principle to "areas of particular state administrative concern" such as the deprivation of a prisoner's good-conduct-time credits in state prison disciplinary proceedings). In a footnote, the Heck Court refused to relax the ____ rule requiring termination of the prior criminal proceeding in the accused's favor in cases in which the plaintiff had served his sentence and so no longer had post-conviction challenges available. The Court wrote, "We think the principle barring collateral attacks--a longstanding and deeply rooted feature of both the common law and our own jurisprudence--is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." Id. at ___ 490 n.10. Whit now contends that his parole revocation violated the Due Process Clause of the Fourteenth Amendment, -9- 9 giving rise to a cause of action under 1983. The contention is based on his allegation that, despite his denying that he had molested step-daughter, White was not offered and furnished with an attorney for his parole hearing. Without an attorney, White maintains, he was deprived of the opportunity to prove his innocence, and, therefore, of due process. A favorable decision in the  1983 proceeding would necessarily call into question the validity of the state's decree revoking his parole and ordering him back to prison. Heck therefore applies,3 and ____ the 1983 action is not cognizable in a federal court, see footnote 1, supra, unless the parole revocation "has been _____ reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254." Id. ___ at 487. After the federal district court had dismissed White's 1983 action on other grounds, White was finally released from confinement, his sentence having terminated, and the Massachusetts Appeals Court then vacated the Superior Court's judgment as being moot and remanded White's state  ____________________ 3. The Heck rule applies to 1983 actions for declaratory ____ relief as well as to 1983 suits for damages. See Edwards ___ _______ v. Balisok, 117 S. Ct. 1584 (1997) (applying the Heck rule to _______ ____ a request for declaratory relief under 1983). -10- 10 case to the Superior Court with a direction to dismiss it. Hence there is in effect no state judgment invalidating White's parole revocation (nor, of course, was the parole revocation invalidated by a federal habeas petition). See ___ United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1950) _____________ _________________ (holding that vacating a judgment as moot and remanding it with a direction to dismiss "eliminates a judgment, review of which was prevented through happenstance"); 49 C.J.S. Judgments 357 (1997) ("Where a judgment is vacated or set _________ aside by a valid order or judgment, it is entirely destroyed and the rights of the parties are left as though no such judgment had ever been entered."); cf. Reilly v. School ___ ______ ______ Comm. of Boston, 290 N.E.2d 516 (Mass. 1972) (holding that a _______________ case which is vacated as moot on appeal has no collateral estoppel consequences). We have carefully reviewed the reasoning in Heck ____ and related cases and can find no basis for holding that the vacated state decision that impugned White's parole revocation meets Heck's requirement of a declaration of ____ invalidity "by a state tribunal authorized to make such determination. "512 U.S. at 487. We are constrained to hold that White's Section 1983 action is not cognizable since any award of damages or declaratory relief would seriously call into question the as yet undisturbed validity of the state parole board's action. Heck, 512 U.S. at 486-87. ____ -11- 11 As White's suit is not cognizable and must therefore be dismissed, we do not address White's claims of error or the parole board's arguments that his claims are barred by res judicata and that his request for declaratory relief is moot. Nor do we consider the parole board's contention that its former members are not liable in damages for any errors made in respect to the appointment of counsel because of their absolute immunity. III. Conclusion ________________ We vacate the district court's dismissal of White's suit on the merits and remand the case, directing the district court to dismiss the action without prejudice. See ___ Heck, 512 U.S. at 479, 490 (affirming the dismissal without ____ prejudice of a 1983 action which was not cognizable); Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. _______ ______________ 1996) (holding that the dismissal of a Section 1983 action because it was not yet cognizable under Heck should be ____ without prejudice); Perez v. Sifel, 57 F.3d 503, 505 (7th _____ _____ Cir. 1995) (per curiam) (same); Trimble v. City of Santa _______ ______________ Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (same); ____ Schafer, 46 F.3d at 45 (same). _______ Vacated and remanded. ____________________ -12- 12