[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 97-2095

 DONALD J. MCCLAIN,

 Plaintiff, Appellant,

 v.

 MICHELLE FUSEYMORE, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Mark L. Wolf, U.S. District Judge]

 

 Before

 Boudin, Stahl and Lynch,
 Circuit Judges.

 

Donald J. McClain on brief pro se.
Scott Harshbarger, Attorney General, and Annette C. Benedetto,
Assistant Attorney General, on brief for appellees.

 

 April 25, 1998
 

 Per Curiam. The district court dismissed the 
complaint under 42 U.S.C. 1983 for a failure to state a
claim. The complaint seeks declaratory and other relief
against the state parole authorities for alleged constitutional
violations in failing to take action on a pending parole
revocation warrant, delaying or denying a parole hearing, and 
miscalculating plaintiff's parole eligibility date. 
 While the appeal was pending, this court decided, in
White v. Gittens, 121 F.3d 803 (1st Cir. 1997), that a 1983
action challenging the validity of a state parole revocation on
constitutional grounds is not cognizable in federal court
unless and until the parole revocation "has been reversed on
direct appeal, expunged by executive order, declared invalid by
a state tribunal authorized to make such determination, or
called into question by a federal court's issuance of a writ of
habeas corpus." Id. at 806 (quoting, and extending to parole
revocations, the rule of Heck v. Humphrey, 512 U.S. 477, 487
(1994)). The same rule applies to claims challenging a denial
of parole, and plaintiff's other challenges to the validity or
duration of his confinement. Id. at 805.
 Accordingly, we need not reach the merits of
plaintiff's pleading. Id. at 806. The judgment of dismissal
is affirmed and modified to reflect that the dismissal is
without prejudice.