USCA1 Opinion

 

 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 ____________________

No. 97-2095

 DONALD J. MCCLAIN,

 Plaintiff, Appellant,

 v.

 MICHELLE FUSEYMORE, ET AL.,

 Defendants, Appellees.
 
 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Mark L. Wolf, U.S. District Judge]

 ____________________

 Before

 Boudin, Stahl and Lynch,
 Circuit Judges.

 ____________________

 Donald J. McClain on brief pro se.
 Scott Harshbarger, Attorney General, and Annette C. Benedetto,
Assistant Attorney General, on brief for appellees.

 ____________________

 April 25, 1998
 ____________________

 Per Curiam. The district court dismissed the 
 complaint under 42 U.S.C. 1983 for a failure to state a
 claim. The complaint seeks declaratory and other relief
 against the state parole authorities for alleged constitutional
 violations in failing to take action on a pending parole
 revocation warrant, delaying or denying a parole hearing, and 
 miscalculating plaintiff's parole eligibility date. 
 While the appeal was pending, this court decided, in
 White v. Gittens, 121 F.3d 803 (1st Cir. 1997), that a 1983
 action challenging the validity of a state parole revocation on
 constitutional grounds is not cognizable in federal court
 unless and until the parole revocation "has been reversed on
 direct appeal, expunged by executive order, declared invalid by
 a state tribunal authorized to make such determination, or
 called into question by a federal court's issuance of a writ of
 habeas corpus." Id. at 806 (quoting, and extending to parole
 revocations, the rule of Heck v. Humphrey, 512 U.S. 477, 487
 (1994)). The same rule applies to claims challenging a denial
 of parole, and plaintiff's other challenges to the validity or
 duration of his confinement. Id. at 805.
 Accordingly, we need not reach the merits of
 plaintiff's pleading. Id. at 806. The judgment of dismissal
 is affirmed and modified to reflect that the dismissal is
 without prejudice.