[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 99-1563

GERALD M. BROWN, JR.,

Plaintiff, Appellant,

v.

STATE OF RHODE ISLAND; ANTHONY CAPRARO,ESQ.; JEFFREY B. PINE;
DAVID MORROWITZ, ESQ.; TERRANCE LIVINGSTON, ESQ.; STEVEN
NUGENT,

ESQ.; GEORGE A. VOSE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

Before

Selya, Circuit Judge,
Cyr, Senior Circuit Judge,
and Lipez, Circuit Judge.

Gerald M. Brown, Jr. on brief pro se.
Sheldon Whitehouse, Attorney General, and Elisabeth A.
Wallace, Special Assistant Attorney General, on Memorandum in
Support of their Motion to Dismiss or to Summarily Affirm the
Judgment Below, for appellees.

March 24, 2000

**Per Curiam**.  After the district court denied his petition for habeas corpus relief from his conviction, state prisoner Brown filed a complaint attacking the same conviction by seeking damages, declaratory and injunctive relief against named defendants under 42 U.S.C. § 1983. Following a hearing on defendants' motion to dismiss, the magistrate recommended a dismissal and the district court agreed.  Plaintiff appeals.

Reviewing the dismissal de novo, we affirm.  Habeas corpus is the exclusive avenue of relief for a state prisoner seeking release from confinement, so plaintiff's claims for injunctive relief must be dismissed.  Heck v. Humphrey, 512 U.S. 477, 480 (1994) (explaining Preiser v. Rodriguez, 411 U.S. 475 (1973)).  The claims for declaratory relief and damages also must be dismissed because the judgment plaintiff seeks "would necessarily imply the invalidity of his conviction," and he has not demonstrated that the conviction has been invalidated by any proper state authority or tribunal, nor has he obtained a federal writ of habeas corpus.[1]  Heck, 512 U.S. at 487.

---

[1]In a separate order issued today, this court also denies a certificate of appealability to challenge the dismissal of plaintiff's habeas petition.

We need not reach the merits of the claims because this suit is not cognizable in federal court. <u>White</u> v. <u>Gittens</u>, 121 F.3d 803, 805 (1st Cir. 1997). The judgment is <u>affirmed</u> but <u>modified</u> to reflect that the dismissal is without prejudice. <u>Id.</u> at 806. Appellant's "motion to produce" is <u>denied</u>.