**Marvin BELL, Plaintiff–Appellant,**

v.

**OHIO ADULT PAROLE AUTHORITY, et al., Defendants–Appellees.**

**No. 01–3863.**

United States Court of Appeals, Sixth Circuit.

Nov. 30, 2001.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

*ORDER*

Marvin Bell, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Bell filed a complaint against the Ohio Adult Parole Authority ("OAPA"); Gloria Andrews–Jones and Constance Upper, members of the Ohio Parole Board; and Harold K. Miller, a parole board hearing officer. Bell alleged that the defendants denied him release on furlough and parole in retaliation for his previous exercise of his First Amendment right to access the

courts. Bell also alleged that revised parole guidelines were retroactively applied to him in violation of the Ex Post Facto Clause. Bell sought monetary and injunctive relief.

The defendants filed a motion to dismiss, to which Bell responded. A magistrate judge filed a report recommending that the defendants' motion be granted in part and denied in part. After considering both parties' objections, the district court granted the defendants' motion to dismiss as to all claims, except Bell's claim that the revised parole guidelines were retroactively applied to him. The defendants subsequently filed another motion to dismiss Bell's remaining ex post facto claim, to which Bell responded. A magistrate judge filed a report recommending that the defendants' motion be granted. No objections were filed by either party. The district court adopted the magistrate judge's report and recommendation and granted the defendants' motion to dismiss the remaining claim. Bell has filed a timely appeal, raising only two of the claims asserted below.

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 205 F.3d 906, 909 (6th Cir.2000); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum*, 58 F.3d at 1109; *accord Decker*, 205 F.3d at 909. The court is not required, however, to accept non-specific factual allegations and inferences or unwarranted legal conclu-

sions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996).

■ Upon review, we conclude that the district court properly dismissed Bell's action. See *Decker*, 205 F.3d at 909. To the extent that Bell challenges the denial of furlough and parole by Jones and Upper, respectively, his claim is not cognizable in a § 1983 proceeding since a ruling in his favor would undermine the validity of his continued confinement. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The principles espoused in *Heck* have been applied to § 1983 actions, like Bell's, challenging state parole decisions in the absence of a previous decision by a state or federal tribunal declaring the parole decision invalid. See *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997); *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995). Bell has not demonstrated the invalidity of the furlough and parole decisions.

■ We further conclude that Bell's claim that Jones and Upper denied him furlough and parole, respectively, in retaliation for his filing of a previous lawsuit fails. Bell was engaged in protected conduct when he filed a lawsuit against two prison officials in an unrelated case. However, assuming that Bell was subjected to adverse action that would deter a person of ordinary firmness from engaging in future protected conduct, Bell failed to establish that a causal connection exists between the adverse action and his protected conduct. Because Bell has not provided any evidence to support his conclusion that Jones's and Upper's decisions were based on their intent to retaliate against him, as opposed to being based on the facts of his crime, the third element of a retaliation claim is not supported by the record. See

*Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.