# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2508

_____

Frank John Stangel,
        Appellant,

    v.

Johnson & Madigan, P.L.L.P.,
formerly known as Johnson &
Madigan, Michael J. Minenko,

        Appellees.

\* Appeal from the United States
\* District Court for the
\* District of Minnesota.
\*
\*     [UNPUBLISHED]

_____

Submitted:  December 7, 2001
Filed:  December 17, 2001

_____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Frank John Stangel appeals the District Court's[1] adverse grant of summary judgment in his diversity legal-malpractice action, in which the District Court agreed with defendants that the action was time-barred. Having carefully reviewed the record, see Larsen v. Mayo Med. Ctr., 218 F.3d 863, 866 (8th Cir.) (standard of review), cert. denied, 531 U.S. 1036 (2000), and the District Court's application of

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Minnesota law, see Boerner v. Brown & Williamson Tobacco Corp., 260 F.3d 837, 841 (8th Cir. 2001) (standard of review), we agree that the action is time-barred, and we affirm, addressing seriatim Stangel's various arguments on appeal.

Specifically, (1) Stangel's conclusory assertion that he established issues of material fact is not properly before us, see 8th Cir. R. 28A(j) (party may not incorporate by reference contents of brief filed elsewhere), and neither is his continuous-representation argument, see Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (declining to address argument first raised on appeal); (2) Stangel does not develop his equitable-tolling argument, see Primary Care Investors Seven, Inc. v. PHP Healthcare Corp., 986 F.2d 1208, 1212 (8th Cir. 1993) (holding that an unargued assertion of error is no more helpful to appellate court than unsupported allegation of fact is to trial court); (3) even if Stangel had been permitted to amend his complaint to add a fraudulent-concealment claim, the alleged concealed information was not knowledge that he had to have before "asserting his right," see Cohen v. Appert, 463 N.W.2d 787, 790-91 (Minn. Ct. App. 1990) (discussing and applying fraudulent-concealment doctrine in context of legal-malpractice action); (4) the District Court's notation of Stangel's prior lawsuits was not an indication of any bias against him, cf. Bannister v. Delo, 100 F.3d 610, 614 (8th Cir. 1996) (indicating that bias can be shown if judge's remarks or opinions reveal such high degree of antagonism as to make fair judgment impossible), cert. denied, Bannister v. Bowersox, 521 U.S. 1126 (1997); and (5) the District Court properly declined to rule on Stangel's mediation motion while it considered defendants' earlier motion for summary judgment, which had asserted the time-bar defense.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.