**Lehman Dale JONES, Plaintiff–Appellant,**

v.

**Bill MARTIN, et al., Defendants–Appellees.**

No. 01–2659.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before BOGGS, SILER, and MOORE, Circuit Judges.

*ORDER*

Lehman Dale Jones, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Jones sued Probation Agent Thomas Siemaszko, Probation Supervisor James Thomas, Michigan Department of Corrections Director Bill Martin, Resident Unit Manager (RUM) D.F. Swarts, Assistant RUM K. Aldrich, and Warden Paul H. Renico. Jones alleged that the defendants violated his due process rights when they placed inaccurate information in his pre-sentence investigation report (PSI), and used that information to calculate his sentence, to deny him parole, and to prevent him from participating in a community residential treatment placement. The district court screened the complaint and dismissed it for failure to state a claim. *See* 28 U.S.C. § 1915A. The court also denied Jones's motion for reconsideration.

In his timely appeal, Jones reasserts the allegations from his complaint. He also requests the appointment of counsel.

This court reviews de novo a district court's decision to dismiss a suit for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000).

Upon review, we conclude that the district court properly dismissed Jones's complaint for failure to state a claim. Jones is serving a sentence for a felonious assault

conviction from 1996. According to Jones's complaint, defendants Siemaszko and Thomas prepared a PSI which included dismissed charges. Jones claims that the other defendants used this information to incorrectly calculate his sentence, deny him parole, and deny him placement in a residential treatment facility. Jones sent a kite to the prison records office, requesting that the dismissed charges in his PSI be expunged. The records office advised Jones to contact his sentencing judge or the PSI preparer. Jones did not allege that he has taken any other steps to have his PSI changed.

Jones's complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A state prisoner does not state a cognizable claim under § 1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Id.; Schilling v. White*, 58 F.3d 1081, 1085–86 (6th Cir. 1995). A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks monetary or injunctive relief. *See Heck*, 512 U.S. at 489–90 (claim for damages is not cognizable); *Preiser v. Rodriguez*, 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Moreover, *Heck* "applies to proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir.1996); *see also Schafer v. Moore*, 46 F.3d 43, 44–45 (8th Cir.1995). Jones's complaint is, in essence, a challenge to the length of his sentence, and he has not shown that his conviction, sentence, or PSI have been reversed, expunged, or declared

invalid. Accordingly, Jones has no § 1983 claim.

Accepting all of his factual allegations as true, Jones can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we deny Jones's request for counsel and affirm the district court's order Rule 34(j)(2)(C), Rules of the Sixth Circuit.