**Robert Darrell PORTIS,**
**Plaintiff–Appellant,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS, Parole Board, Defendant–Appellee.**

**No. 03–1414.**

United States Court of Appeals, Sixth Circuit.

Nov. 19, 2003.

458

Robert Darrell Portis, Kincheloe, MI, for Plaintiff-Appellant.

John L. Thurber, Lansing, MI, for Defendant-Appellee.

Before RYAN, MOORE, and ROGERS, Circuit Judges.

### ORDER

Robert Darrell Portis, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 5, 2002, the Michigan Department of Corrections Parole Board denied Portis parole. Portis filed his § 1983 complaint arguing that the denial of his parole violated his constitutional rights under the Eighth Amendment. Portis sought monetary damages and immediate release from prison. The district court dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. Reconsideration was denied. This appeal followed.

This court reviews de novo a district court's decision to dismiss a suit for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). The PLRA requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The screening procedures established by § 1915A apply whether the plaintiff has paid the entire filing fee or is proceeding in forma pauperis. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). In reviewing a dismissal of a complaint for failure to state a claim, this court must accept all well-pleaded factual allega-

tions as true. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993) (citation omitted).

■ Upon review, we conclude that the district court properly dismissed Portis's complaint for failure to state a claim. Portis's complaint is barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A state prisoner does not state a cognizable claim under § 1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck,* 512 U.S. at 486–87; *Schilling v. White,* 58 F.3d 1081, 1085–86 (6th Cir.1995). A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks monetary or injunctive relief. *See Heck,* 512 U.S. at 489–90 (claim for damages is not cognizable); *Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Moreover, *Heck* "applies to proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir.1996); *see also Schafer v. Moore,* 46 F.3d 43, 44–45 (8th Cir.1995) (holding *Heck* requirement applies to § 1983 actions challenging denial of parole). Portis's complaint is, in essence, a challenge to the validity of his continued confinement, and he has not shown that his parole determination has been reversed, expunged, or declared in-

valid. Accordingly, Portis has no § 1983 claim.

■ Finally, while Portis asserts a claim against the defendants under the Americans with Disabilities Act on appeal, he did not make this claim in the district court and, consequently, we will not consider this claim for the first time on appeal. *See Perez v. Aetna Life Ins. Co.,* 96 F.3d 813, 820 (6th Cir.1996).

Accepting all of his factual allegations as true, Portis can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis,* 135 F.3d at 405; *Mayer,* 988 F.2d at 638. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.