# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3698

_____

Russell D. Turner; Martin Randall,   *

                             *

        Plaintiffs,   *

                             *

Vernon Moves Camp,   *

                             *

        Appellant,   *

                             *

Fred Ponca, Jr.; Pius Smashed Ice;   *
Royce C. Hamilton; Phillip Steele;   *
Duane Ice; Steven Anowlic; Jon   *   Appeal from the United States
Anderson; Robert Murray; Aaron   *   District Court for the
Breitag; Michael Bates, and all other   *   District of South Dakota.
persons similarly situated,   *

                             *   [UNPUBLISHED]

        Plaintiffs,   *

                             *

      v.   *

                             *

Mark W. Barnett, Attorney General;   *
Jeff Bloomberg, Secretary of   *
Department of Corrections; Douglas L.   *
Weber, Warden, South Dakota State   *
Penitentiary; Bob Dooley, Warden,   *
Mike Durfee State Prison, Springfield,   *
South Dakota; Duane Russell, Warden,   *
South Dakota Women's Prison, and   *
all other unnamed defendants,   *

                             *

        Appellees.   *

_____

Submitted:  July 27, 2004
Filed:  August 6, 2004

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

South Dakota inmate Vernon Moves Camp appeals the district court's[1] adverse grant of summary judgment in a 42 U.S.C. § 1983 action he and fourteen other South Dakota inmates brought.  Because Moves Camp's brief fails to identify any error in the district court's final order, we conclude he has abandoned the claims raised in the complaint.  Cf. Carter v. Lutheran Med. Ctr., 87 F.3d 1025, 1026 (8th Cir. 1996) (per curiam) (dismissing pro se litigant's appeal where brief presented no question for appellate court to decide).  To the extent Moves Camp is arguing that his motions for permanent or emergency injunctions were wrongfully denied, we agree with the district court that he cannot challenge the legality of his continued confinement in a section 1983 action.  See Preiser v. Rodriguez, 411 U.S. 475, 489-90, 499-500 (1973) (inmate challenging duration of his physical imprisonment must exhaust state remedies and petition for writ of habeas corpus); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (if judgment in favor of prisoner in § 1983 action would necessarily imply invalidity of his conviction, continued imprisonment, or sentence, then no claim for damages lies unless conviction or sentence is reversed, expunged, or called into question by issuance of writ of habeas corpus).

Accordingly, we affirm.  See 8th Cir. R. 47B.  We also deny Moves Camp's pending motions.

_____

_____

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.