**Donald J. WALTON, Plaintiff–Appellant,**

v.

**State of MICHIGAN; Michigan Parole Board, Defendants–Appellees.**

No. 03–2283.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2004.

Donald J. Walton, Freesoil, MI, pro se.

Before KENNEDY and COOK, Circuit Judges; and HOOD, District Judge.*

### ORDER

Donald J. Walton, a Michigan resident, appeals pro se a district court order dismissing a complaint he filed under 42 U.S.C. § 1983 for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking immediate release from imprisonment, Walton filed this complaint against the state of Michigan and the Michigan Parole Board, challenging a decision denying him parole. Walton entered a guilty plea in 2002 to his fourth charge of driving while intoxicated, and was sentenced to one and one-half to five years of imprisonment. In 2003, the Parole Board deferred his parole for one year. Walton argued that this decision somehow violated the separation of powers, the Double Jeopardy Clause, and his due process rights,

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

apparently because he interpreted the judge's sentence as a guarantee that he would be paroled after serving the minimum term if no new negative factors arose in the meantime.

The district court sua sponte dismissed the complaint without service on the defendants, concluding that, whether construed as a civil rights complaint or a petition for federal habeas corpus relief, Walton had failed to state a claim of the denial of a constitutional right.

On appeal, Walton moves for miscellaneous relief. He was apparently released on parole during the pendency of this appeal. His brief is construed as reiterating the claims raised below.

We note that Walton's release on parole during the pendency of this appeal does not render the case moot, as he argues that his parole supervision should be calculated as having commenced on the date he asserts he was entitled to be released on parole, and therefore terminate on an earlier date.

Upon consideration, we conclude that this complaint was properly dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and 42 U.S.C. § 1997e(c). The district court properly noted that, because Walton sought his immediate release, the complaint was not cognizable under 42 U.S.C. § 1983. *Schafer v. Moore,* 46 F.3d 43, 45 (8th Cir.1995). Moreover, even if construed as a petition for federal habeas corpus relief, no claim was stated because habeas relief is available only to prisoners who are in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). There is no constitutional right to parole, *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.,* 929 F.2d 233, 235 (6th Cir.1991), and the laws of Michigan do not create a liberty interest in parole. *Sweeton v.*

*Brown,* 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc).

Because the complaint in this case failed to state a claim whether construed as a civil rights action or a petition for habeas corpus, the district court order dismissing the complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. The motions for miscellaneous relief are denied.