**Ronnie L. HARRIS, Appellant**

v.

**Isaac FULWOOD, Jr., Chairman of the U.S. Parole Commission, in his Individual and Official Capacities, et al., Appellees.**

No. 13–5343.

United States Court of Appeals, District of Columbia Circuit.

April 21, 2015.

Rehearing En Banc Denied May 28, 2015.

Ronnie L. Harris, Edgefield, SC, pro se.

Warden, Edgefield, SC, for Appellant.

Jane M. Lyons, R. Craig Lawrence, U.S. Attorney's Office, Mary Larkin Wilson, Loren L. Alikhan, Todd Sunhwae Kim, David Simon Kurtzer–Ellenbogen, Julia Loveland Leighton, The Public Defender Service for the District of Columbia, Washington, DC, for Appellees.

Before: GARLAND, Chief Judge, BROWN, Circuit Judge, and EDWARDS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties.[1] The Court has accorded the issues full consideration and has determined that they do not warrant a

1. The court thanks court-appointed *amicus curiae*, Professor Erica Hashimoto, aided by law students Sarah Hill and Dov Preminger· of the University of Georgia School of Law, for their assistance in presenting this case.

published opinion. *See* D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the District Court's orders filed May 30, 2013 and October 30, 2013 dismissing Appellant's claims against the named defendants be affirmed on alternative grounds. *See United States v. Coughlin,* 610 F.3d 89, 108 (D.C.Cir.2010) ("It is well settled that 'this court can affirm a correct decision even if on different grounds than those assigned in the decision on review.'") (quoting *Skinner v. Dep't of Justice,* 584 F.3d 1093, 1100 (D.C.Cir.2009)).

 Appellant seeks damages for, and vacatur of, the allegedly illegal revocation of his parole pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A judgment in his favor would necessarily imply the invalidity of the parole revocation. *See Edwards v. Balisok,* 520 U.S. 641, 647–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Because the revocation has not been invalidated in a prior proceeding, his section 1983 and *Bivens* claims are barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See Wilkinson v. Dotson,* 544 U.S. 74, 81–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (stating *Heck* applies "no matter the relief sought (damages or equitable relief) ... *if* success in [the] action would necessarily demonstrate the invalidity of confinement or its duration"); *see also Skinner,* 584 F.3d at 1098–1100; *White v. Gittens,* 121 F.3d 803, 806–07 (1st Cir. 1997) (extending *Heck* doctrine to parole revocations); *Williams v. Hill,* 74 F.3d 1339, 1340–41 (D.C.Cir.1996) (per curiam) (applying *Heck* to actions against federal officials under *Bivens* ). Appellant's section 1983 and *Bivens* claims are not cognizable unless and until he meets the requirements of *Heck,* 512 U.S. at 486–87,

114 S.Ct. 2364. Therefore dismissal of the claims against the named defendants was proper. However, we remand to the District Court with instructions to modify the orders to state that dismissal is without prejudice to Appellant's rights to pursue his claims in an appropriate proceeding. *See Anderson v. Reno,* Nos. 95–5055 & 95–5074, 1996 WL 248445 (D.C.Cir. Apr. 18, 1996) (dismissals pursuant to *Heck* are without prejudice). It is

 **FURTHER ORDERED and AD-JUDGED** that the District Court's order filed October 30, 2013 dismissing without prejudice Appellant's claim against unnamed officials for "illegally taking over 2000 pages of legal material with respect to [a] civil action" Appellant filed in Prince George's County, Maryland be affirmed. Compl. ¶¶ 12, 18. The District Court properly denied Appellant's motion to amend the complaint to name Major Joseph Pettiford and dismissed the claim, as Appellant did not allege Pettiford was involved in the purported confiscation of the documents. *See Hettinga v. United States,* 677 F.3d 471, 480 (D.C.Cir.2012) ("A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.