Gilbert G. BEEZLEY,
Plaintiff/Appellant,

v.

FREMONT INDEMNITY COMPANY, a
corporation; Does 1 through 10,
Defendants/Appellees.

No. 85–5791.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 2, 1986.

Decided Oct. 7, 1986.

Designated for Publication Nov. 12, 1986.

Gilbert G. Beezley, in pro per.

David A. Pines, Lanak & Hanna, Burbank, Cal., for defendants/appellees.

Before GOODWIN, WALLACE, and ANDERSON, Circuit Judges.

PER CURIAM:

■ A complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 100–02, 2 L.Ed.2d 80 (1957). *See also Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986). The district court properly granted Fremont Indemnity Company's (Fremont) motion to dismiss Gilbert Beezley's (Beezley) complaint.[1]

■ Beezley alleges in his complaint that Fremont violated various sections of the Consumer Credit Protection Act. (15 U.S.C. §§ 1601–1693r). However, Fremont is not a "creditor" as defined in 15 U.S.C.

---

1. The district court erroneously characterized its ruling as a dismissal for lack of jurisdiction. This ruling is more accurately characterized as a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). *See Black v. Payne*, 591 F.2d 83, 86 n. 1 (9th Cir.), *cert. denied*, 444 U.S. 867, 100 S.Ct. 139, 62 L.Ed.2d 90 (1979).

*See also Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 n. 4 (9th Cir.1985). However, we may affirm the district court on any basis fairly supported by the record. *City of Las Vegas v. Clark County*, 755 F.2d 697, 701 (9th Cir.1985).

§ 1602(f), nor is Beezley a "consumer" as defined in 15 U.S.C. § 1602(h), nor was any "credit" extended pursuant to 15 U.S.C. § 1602(e). Finally, the "debt" involved was not a debt as defined in 15 U.S.C. § 1692a(5). Because Beezley's complaint fails to allege a violation of the Consumer Credit Protection Act or any other applicable federal statute, the district court correctly dismissed his complaint with prejudice, which we interpret as a dismissal of the action.

The denial of leave to amend a complaint is reviewed for an abuse of discretion. *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau,* 701 F.2d 1276, 1292 (9th Cir.), *cert. denied,* 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983). The district court did not abuse its discretion when it denied Beezley's motion to file a supplemental complaint because it failed to provide any new information that would remedy the deficiencies in the original complaint. Beezley's proposed amended complaint continued to allege violations of the same inapplicable federal statutes found in his original complaint and failed to allege any new basis upon which he would have been entitled to relief. The order of the district court is

AFFIRMED.