53 F.3d 335
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Woodrow BASS, Appellant,
v.
Cranston MITCHELL; James Purkett; Missouri Board of
Probation and Parole; Kevin Whaley; Appellees.
 No. 93-1414
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 16, 1995
Filed: Apr. 28, 1995
 
 Before WOLLMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Woodrow Bass, a Missouri inmate, appeals the district court's[1] dismissal of his 42 U.S.C. Sec. 1983 action and denial of his motion for appointment of counsel. In his complaint, Bass asserted that application to him of a 1990 amendment to a Missouri statute-requiring convicted sex offenders to complete a treatment program prior to being eligible for early release-violated the Ex Post Facto Clause of the Constitution. See Mo. Rev. Stat. Sec. 589.040.2 (Supp. 1994). He further alleged that defendants are requiring him to complete the treatment program as a condition of his parole in violation of the Ex Post Facto Clause of the Constitution.
 
 
 2
 Since the district court's ruling, we have held that inmates cannot maintain a section 1983 challenge to the application of the 1990 amendment unless their convictions or sentences are reversed, expunged, or called into question because if they prevailed, "the result would necessarily imply the invalidity of [their] continued confinement." See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam); see also Heck v. Humphrey, 114 S. Ct. 2364, 2372-73 (1994). Because a successful outcome would necessarily imply the invalidity of Bass's confinement, the complaint was properly dismissed. See Schafer, 46 F.3d at 45. Although we affirm the district court's order, we modify the dismissal to be without prejudice so that Bass can refile his complaint should he succeed in challenging the legality of his confinement through appropriate state or federal remedies. See id.; see also Preiser v. Rodriguez, 411 U.S. 475, 489-90, 499-500 (1973) (inmate challenging duration of his physical imprisonment must exhaust state remedies and petition for writ of habeas corpus under 28 U.S.C. Sec. 2254); Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987) (Sec. 2254, which requires exhaustion of state remedies, appropriate vehicle for state prisoners challenging length of confinement and seeking restoration of good time credits).
 
 
 3
 We decline to address Bass's claim that defendants are illegally requiring him to complete the treatment program as a condition of his continued parole because such a claim "must properly be brought by means of a petition for habeas corpus." Drollinger v. Milligan, 552 F.2d 1220, 1224-25 (7th Cir. 1977).
 
 
 4
 Having reviewed the record and the parties' briefs, we conclude that the district court did not abuse its discretion in not granting Bass's motion for appointment of counsel. See King v. Patterson, 999 F.2d 351 (8th Cir. 1993) (no abuse of discretion in denying motion for counsel where plaintiff demonstrated sufficient ability to present claims).
 
 
 5
 Accordingly, in light of the foregoing, we affirm but modify the judgment to a dismissal without prejudice.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri