Anthony **MORENO,** et al., Plaintiffs,

v.

**STATE OF CALIFORNIA,**
et al., Defendants.

**No. C–98–20855–JF (EAI).**

United States District Court,
N.D. California,
San Jose Division.

Nov. 12, 1998.

Steve M. De Filippis, Picone & De Filippis, San Jose, CA, for Plaintiffs.

Michele J. Swanson, Deputy Attorney General, San Francisco, CA, for Defendants.

ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND, DISMISSING ACTION WITH PREJUDICE AS TO THE STATE OF CALIFORNIA AND THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND WITHOUT PREJUDICE AS TO THE INDIVIDUAL DEFENDANTS, AND DENYING APPLICATION FOR PRELIMINARY INJUNCTION

FOGEL, District Judge.

Defendants' motion to dismiss and Plaintiffs' application for preliminary injunction were heard on October 26, 1998. For the reasons set forth herein, Defendants' motion to dismiss is granted without leave to amend, the action is dismissed with prejudice as to the State of California and the California Department of Corrections and without prejudice as to the individual Defendants, and Plaintiffs' application for preliminary injunction is denied.

## I. BACKGROUND

Plaintiffs are Anthony Moreno ("Moreno") and his wife Anna Maria Moreno ("Anna Maria"), individually and as Guardian ad Litem for their minor son Aaron Moreno ("Aaron"). This action arises out of Plaintiffs' challenge to various conditions of parole which were imposed upon Moreno as part of a sentence following a 1996 criminal conviction for committing lewd and lascivious acts upon a child under the age of fourteen. Moreno was convicted pursuant to a guilty plea and sentenced to a term of imprisonment at San Quentin State Prison. Moreno was released from prison on November 20, 1997, subject to a three year period of parole which includes numerous conditions. Moreno challenges three of these conditions: (1) a condition prohibiting him from having any contact with minors, (2) a condition prohibiting him from working in the family catering or property management businesses, and (3) a condition prohibiting him from driving his family's business or personal vans.

Plaintiffs contend that the condition prohibiting contact with minors, which has been interpreted to prohibit contact between Moreno and his minor son Aaron, violates fundamental rights to familial association protected by the First and Fourteenth Amendments to the Constitution. Further, Plaintiffs contend that the conditions prohibiting Moreno from working in the family businesses and driving the family vans deprive Moreno of his fundamental right to earn a living.

On August 4, 1998, Plaintiffs filed an action in the Santa Clara County Superior Court, asserting claims for: (1) violation of federal constitutional rights pursuant to 42 U.S.C. § 1983, (2) violation of state constitutional rights and (3) declaratory relief. These claims are asserted against the State of California ("State"), the California Department of Corrections ("CDC"), and Gabriel Santillan ("Santillan") and Frank Hernandez ("Hernandez"), the two parole officials responsible for imposing and implementing the parole conditions at issue in this case. Plaintiffs seek damages, declaratory relief, and injunctive relief.

Defendants removed the action to this Court and now move to dismiss the complaint for failure to state a claim. Plaintiffs oppose Defendants' motion and move for a preliminary injunction prohibiting enforcement of the parole conditions discussed above. Defendants oppose Plaintiffs' motion for preliminary injunction.

## II. MOTION TO DISMISS

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must liberally construe the complaint in the light most favorable to the plaintiff. *See Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969); *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir.1994). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *See Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir.1995). However, where amendment would be futile, dismissal may be ordered with prejudice. *See Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir.1988); *Beezley v. Fremont Indemnity Co.*, 804 F.2d 530, 531 (9th Cir.1986); *see also Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.1996) (holding that dismissal without leave to amend was appropriate where the plaintiff had filed four complaints and yet continued to allege insufficient facts).

Defendants contend that even applying these liberal standards, Plaintiffs' complaint is subject to dismissal because: (1) Plaintiffs' § 1983 claim is precluded by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), (2) the State and CDC are immune from suit under the Eleventh Amendment, (3) Santillan and Hernandez are entitled to absolute immunity, (4) Santillan and Hernandez are entitled to qualified immunity, (5) Plaintiffs' state law claim is barred because they failed to file a claim with the State Board of Control and (6) an injunction may not be issued under state law to prevent the execution of a public statute for the benefit of the public.

The Court concludes that Plaintiffs' § 1983 claim is subject to dismissal and that it should decline to exercise supplemental jurisdiction over Plaintiffs' state law claim.

### A. *Heck v. Humphrey*

█ In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a civil rights action for damages may not be asserted if a judgment in the plaintiff's favor would "necessarily imply the invalidity" of a conviction or sentence which remains outstanding against the plaintiff. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *see also Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). This holding has been extended to civil rights actions seeking declaratory or injunctive relief as well as damages. *See Edwards v. Balisok*, 520 U.S. 641, ——, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); *Clarke v. Stalder*, 154 F.3d 186, 190–91 (5th Cir.1998); *Wolfgram v. Wong*, 1995 WL 56597, at *4 (N.D.Cal. Feb.3, 1995). Accordingly, in order to obtain relief for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 487, 114 S.Ct. at 2372; *Edwards*, 117 S.Ct. at 1589; *Clarke*, 154 F.3d at 190–91; *Wolfgram*, 1995 WL 56597, at *4.

█ The crucial question in this case is whether the parole conditions at issue are part of Moreno's sentence within the meaning of *Heck*. Although no published cases address this precise issue, the Court concludes on the basis of the relevant penal statute and analogous case law that conditions of parole are part of the underlying sentence for purposes of *Heck* analysis. By statute, the imposition of a period of parole is part of the original sentence. *See* Cal.Penal Code § 3000(a)(1) (stating that a criminal sentence shall include a period of parole, unless waived); *People v. London*, 206 Cal. App.3d 896, 910, 254 Cal.Rptr. 59 (1988)("a 'sentence' includes both a prison term and any parole term"); *see also United States v. Brown*, 59 F.3d 102, 104–05 (9th Cir.1995) ("[p]arole and probation are part of the original sentence"). Failure to comply with conditions of parole may result in revocation of parole and further incarceration. *See Brown*, 59 F.3d at 105. Parole conditions which restrain the parolee's liberty in a manner not shared by the general public are sufficient to render the parolee "in custody" for purposes of habeas analysis. *See Jones*

*v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963). Because parole conditions impose restraints on the parolee's freedom for the duration of the parole period, and because violation of such conditions may result in further incarceration, it is logical that parole conditions be considered part of the sentence.

Moreover, it is well established that a parolee who violates a parole condition and consequently is subjected to parole revocation may not challenge the parole condition by means of a § 1983 claim unless and until the revocation has been overturned or otherwise invalidated. *See, e.g., White v. Gittens,* 121 F.3d 803, 807 (1st Cir.1997); *Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir.1996); *Littles v. Board of Pardons and Paroles Division,* 68 F.3d 122, 123 (5th Cir.1995); *Zupan v. Brown,* 5 F.Supp.2d 792, 795 (N.D.Cal. Mar.23, 1998). It would be inconsistent to allow a parolee to challenge the same condition by means of a § 1983 action simply because the condition has not been violated. In fact, several courts have held that parole conditions properly should be challenged by means of a habeas petition rather than a § 1983 action. *See, e.g., Bass v. Mitchell,* 1995 WL 244043, at *1 (8th Cir. 1995) (challenge to conditions of parole must be brought by means of a habeas petition); *Drollinger v. Milligan,* 552 F.2d 1220, 1224–24 (7th Cir.1977) (challenge to conditions of probation must be brought my means of a habeas petition rather than a § 1983 action); *Zin v. Chief Medical Officer,* 1994 WL 224841, at *3 (N.D.Cal. May 9, 1994) (challenge to conditions of parole must be brought by means of a habeas petition); *cf. Bagley v. Harvey,* 718 F.2d 921 (9th Cir.1983) (adjudicating petitioner's habeas challenge to condition of parole).

■ Because the parole conditions at issue are part of Moreno's sentence, Plaintiffs' challenge to these conditions is not cognizable under § 1983 unless and until Plaintiffs demonstrate that the conditions have been invalidated. It is clear from the record and statements made by counsel at oral argument that the parole conditions have not been invalidated. Accordingly, Plaintiffs' § 1983 claim is subject to dismissal without leave to amend. The dismissal on the basis of *Heck* must be without prejudice so that Plaintiffs may reassert their claims if they ever succeed in invalidating the challenged parole conditions by way of a petition for writ of habeas corpus or other means.

## B. Immunities

Defendants contend that Plaintiffs would not be able to pursue a § 1983 claim against them even if the parole conditions were invalidated, because Defendants are immune from suit. Defendants therefore request that the action be dismissed with prejudice.

■ The Court concludes that Defendants State and CDC are immune from suit under the Eleventh Amendment to the Constitution, which bars suits in federal court against a state or its agencies. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) (Eleventh Amendment bars suits in federal court against a state or its agencies); *Taormina v. California Department of Corrections,* 946 F.Supp. 829, 831 (S.D.Cal. Nov.27, 1996) (California Department of Corrections is a state agency for purposes of Eleventh Amendment analysis), *aff'd,* 132 F.3d 40 (9th Cir.1997). Accordingly, the action will be dismissed with prejudice as to these Defendants on the basis of immunity.

■ It is less clear that Defendants Santillan and Hernandez are immune from suit. The Ninth Circuit has held that state parole officials are entitled to the same type of immunity as that afforded to judges. *See Anderson v. Boyd,* 714 F.2d 906, 909 (9th Cir.1983). State judges are immune from suit for money damages, but may be subject to suit for prospective injunctive or declaratory relief. *See Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986) (holding that state judges are immune only from suits for money damages); *see also* 42 U.S.C. § 1983 (providing that § 1983 plaintiffs may not seek injunctive relief against a judicial officer unless a declaratory decree was violated or declaratory relief was unavailable). Thus Santillan and Hernandez may be subject to suit for prospective injunctive or declaratory relief. Moreover, it is not clear on the face of the

complaint that Santillan and Hernandez are entitled to qualified immunity. Accordingly, the action will be dismissed without prejudice as to Santillan and Hernandez.

## C. Supplemental Jurisdiction

Plaintiffs' claim for relief pursuant to 42 U.S.C. § 1983 is the only claim in the complaint based upon federal law. Since that claim is subject to dismissal without leave to amend, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over state law claims when all federal law claims have been dismissed); *Schultz v. Sundberg,* 759 F.2d 714, 718 (9th Cir.1985) ("[g]enerally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed").[1]

## III. MOTION FOR PRELIMINARY INJUNCTION

In light of the Court's dismissal of this action, the motion for preliminary injunction is moot.

## IV. ORDER

IT IS HEREBY ORDERED that:

(1) Defendants' motion to dismiss is granted and the complaint is dismissed without leave to amend;

(2) the action is dismissed with prejudice as to the State of California and the California Department of Corrections and without prejudice as to Gabriel Santillan and Frank Hernandez; and

(3) Plaintiffs' motion for preliminary injunction is denied as moot.

## JUDGMENT

Defendants' motion to dismiss was heard on October 26, 1998. The arguments having been considered and a decision having been rendered,

IT IS ORDERED AND ADJUDGED that Plaintiff's complaint be dismissed without

1. Because the Court concludes that the grounds discussed herein are dispositive, the Court need

leave to amend and that the action be dismissed with prejudice as to the State of California and the California Department of Corrections and without prejudice as to Gabriel Santillan and Frank Hernandez.

not reach Defendants' remaining arguments.