# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2536

_____

Reverend Linda Sue Stampley,          *
                                                  *

              Appellant,            *
                                                  *

           v.                    *
                                                  *

City of St. Paul, Vince Holschbach,  *
et al.; Patrick Loonan, et al.; Dave  *
Black, et al.; Sean Kershaw, et al.;  *
Gary Peltier, et al.; Dave Kontarek,  *
et al.; Small Business Administration,  *
Cynthia Collett, et al.; 1st Bank Grand,  *   Appeal from the United States
Marty Long, et al.; The Bank of St.  *   District Court for the
Paul, Jay D. Hendrickson, et al.;  *   District of Minnesota
Rick Gobel, et al.; Trade & Economic  *
Development, State of Minnesota,  *      [UNPUBLISHED]
Terrell Towers, et al.; Mark Lofthus,  *
et al.; Stewart McMullan, et al.;  *
Womenventure, (Chart-Wedco),  *
Cynthia Paulson, et al.; United States  *
Department of Justice, District of  *
Minnesota; U.S. Attorney, Rick  *
Morgan, et al.; United States  *
Department of Justice, Civil Rights  *
Division, Washington, DC; Mary C.  *
Juliano, et al.; Diane C. Roberts,  *
et al.; SPEAC, Jonathan Goss, et al.;  *
Neighborhood Development Center,  *
Inc., Mike Temali, et al.; Meridian  *

National Bank, John Bennett, et al.,      *

                                  *

        Appellees.          *

_____

Submitted:  August 30, 2000

Filed:  September 8, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Linda Sue Stampley appeals from the final judgment entered in the District Court[1] for the District of Minnesota, dismissing her civil rights complaint in which she had alleged that defendants wrongly denied her a loan application and a loan to fund her apparel business. For reversal, Stampley argues dismissal was inappropriate because she presented genuine issues of material fact and showed defendants conspired against minorities. For the reasons discussed below, and upon de novo review, we affirm the judgment of the district court.

We agree with the district court that Stampley's claim against one defendant (Vince Holschbach) was subject to dismissal without prejudice for her failure to serve him within 120 days of filing her amended complaint, see Fed. R. Civ. P. 4(m), and that her claims against the remaining defendants were meritless, given her failure to identify the violation of any federally protected right for purposes of asserting a claim under 42

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), or to show how she was the victim of race discrimination or a racially motivated conspiracy for purposes of asserting claims under 42 U.S.C. §§ 1985 and 2000d. Specifically, she had no property interest in receiving a loan or a loan application, <u>see</u> <u>DeJournett v. Block</u>, 799 F.2d 430, 431-32 (8th Cir. 1986), and she failed to allege or show that defendants denied her a loan application or loan, or conspired to do so, for racially discriminatory reasons, <u>see</u> <u>Thompson v. Board of Special Sch. Dist. No. 1</u>, 144 F.3d 574, 581 (8th Cir. 1998) (elements of § 2000d claim); <u>McDowell v. Jones</u>, 990 F.2d 433, 434 (8th Cir. 1993) (elements of § 1985 claim). Her assertion that defendants conspired to deprive minority applicants of loans is not only unsupported, but is new on appeal. <u>See</u> <u>Liberty State Bank v. Minnesota Life & Health Ins. Guar. Ass'n</u>, 149 F.3d 832, 834 (8th Cir. 1998) (this court generally does not consider constitutional arguments raised for first time on appeal). Although Stampley sued certain federal defendants for failing to investigate why she was denied a loan and also contended that the denial of a loan violated her First Amendment rights, she had no right to a federal investigation, <u>see</u> <u>Heckler v. Chaney</u>, 470 U.S. 821, 831 (1985), and she failed to show that defendants' acts were directed to and infringed on her non-verbal expressive conduct, <u>see</u> <u>Texas v. Johnson</u>, 491 U.S. 397, 403 (1989); <u>Tindle v. Caudell</u>, 56 F.3d 966, 969 (8th Cir. 1995).

Last, we hold the district court did not err in denying Stampley's request for a jury trial because it was untimely. <u>See</u> Fed. R. Civ. P. 38; <u>King v. Patterson</u>, 999 F.2d 351, 353 (8th Cir. 1993) (right to jury trial is waived if timely demand is not made).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.