James E. SHAFFER, Plaintiff–Appellant,

v.

Kurt BRINEGAR, Officer, Defendant–Appellee.

No. 00–3065.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 2001[*].

Decided Nov. 26, 2001.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, ROVNER, Circuit Judges.

## ORDER

James Shaffer sued police officer Kurt Brinegar, the City of Terre Haute, Indiana, and the Terre Haute Police Department under 42 U.S.C. § 1983, alleging that Brinegar used excessive force while arresting him in May 1997. The district court dismissed the city and police department as defendants, and the case against Brinegar proceeded to trial. A jury returned a verdict in favor of Brinegar. Shaffer now argues that the district court abused its discretion by (1) refusing to appoint counsel to represent him; (2) failing to assist Shaffer in subpoenaing witnesses for trial; and (3) refusing to admit evidence of Brinegar's violent temper dur-

ing other arrests. He also claims that the district court erred in dismissing the City of Terre Haute as a defendant. We affirm.

On May 23, 1997, Brinegar observed a car parked on the wrong side of the street, facing oncoming traffic. He drove up behind the car and directed it to pull over into a nearby driveway. Brinegar issued Shaffer a citation for driving left of the center lane marker. Brinegar approached the car and asked the driver, Shaffer, to identify himself. Shaffer initially gave his real name, but then changed his mind and told the officer that his name was Mark Shaffer (his brother's name). Officer Brinegar then arrested Shaffer for giving false information and for driving with a suspended license. Afterwards, Brinegar handcuffed Shaffer's hands behind his back and ordered him into the police car. Shaffer began complaining that the handcuffs were too tight and asked Brinegar and other officers who arrived on the scene to loosen them. Brinegar responded by tightening the cuffs, and the other officers ignored Shaffer's request. Brinegar eventually pushed Shaffer into the police car because Shaffer refused to voluntarily enter the squad car until the cuffs were loosened. Once he was inside, Shaffer's girlfriend, who had recently arrived on the scene, began yelling at the officers, and Shaffer himself shouted to the officers to loosen the handcuffs. Receiving no response, Shaffer kicked out the left rear window of the squad car, which caused broken glass to shatter onto the pavement. Brinegar called Shaffer a racially derogatory name and then ordered him out of the car. Shaffer refused and again insisted that his handcuffs be loosened. Brinegar, who is approximately 5 feet 8 inches tall and weighs about 160 pounds, responded by dragging the 6–foot, 300–pound Shaffer from the car by his arm and shirt and forcing him face down onto the ground covered with shards of broken glass. Both

Shaffer and his girlfriend attempted to punch or strike Brinegar, but eventually the girlfriend was arrested and Shaffer placed in leg irons. Shaffer sustained cuts to his face, and had to have glass removed from his elbow, face and legs. He also had bruises on his wrist, elbow, back and legs, and suffered a severe neck sprain, which required use of a cervical collar.

After Shaffer filed his complaint, the district court screened the case under 28 U.S.C. § 1915A and dismissed the city of Terre Haute because Shaffer had not alleged that it had violated his constitutional rights pursuant to a city policy. The court also dismissed the Terre Haute police department as defendants because it is not an entity that may be sued under § 1983. Shaffer's case against Brinegar was allowed to proceed. At a pretrial conference in January 1999, Shaffer requested that counsel be appointed to represent him and that the court issue witness subpoenas on his behalf and pay related mileage and attendance fees. Shaffer also requested discovery subpoenas, which the court denied as moot due to a prior stipulation that the defendants would provide Shaffer with copies of documents produced during discovery. He also requested discovery from local television stations who may have filmed his arrest. The court ordered Shaffer to contact the stations to ascertain whether they possessed those materials and how to obtain copies; if so, Shaffer could then seek the court's assistance in obtaining relevant materials. The court denied Shaffer's request for counsel, advising him that he must attempt to retain private counsel before renewing his request for counsel. The court also informed Shaffer that it would not issue witness subpoenas without proof of sufficient funds to cover mileage and attendance fees for any witness who would not appear voluntarily. Discovery continued and the court offered to assist Shaffer in attending Brinegar's depositions. In De-

cember 1999 Brinegar filed a motion for summary judgment which the district court denied on grounds that there was a genuine fact dispute on the excessive force issue. The case was set for trial in July 2000. At the final pretrial conference Brinegar filed a motion *in limine* to prevent, among other things, Shaffer from introducing evidence of Brinegar's violent behavior during prior arrests. The district court granted the motion in its entirety, noting that this case was "about a single incident of alleged excessive force." Shaffer renewed his request for the court to advance him funds to cover mileage and attendance fees for his trial witnesses. The district court denied his request on grounds that it could not waive subpoena and witness fees, nor advance them from public funds. The case proceeded to trial on the excessive force claim, and a jury ruled in favor of Brinegar. Shaffer timely filed a notice of appeal.

 Shaffer first argues that the district court erred in denying his requests for a lawyer because he could not present motions or pursue his legal claims effectively without one. Civil litigants have neither a constitutional nor a statutory right to counsel, *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir.1995), but district courts may request counsel to represent indigent litigants in appropriate cases, *see, e.g.,* 28 U.S.C. § 1915(d); *Dellenbach v. Hanks,* 76 F.3d 820, 823 (7th Cir.1996). As the district court noted, a litigant first must make a reasonable attempt to secure private counsel before any request for counsel will be entertained. *Zarnes,* 64 F.3d at 288. If the plaintiff meets this threshold burden, then the court must consider whether the plaintiff appears competent to try the case and, if not, whether the presence of an attorney would alter the outcome of the case. *Id.* (quoting *Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir.1993)). We review a district court's refusal to appoint counsel for an abuse of discretion. *Id.*

 After Shaffer initially requested counsel, the district court correctly instructed him to try and find private representation. In denying that initial request, the court warned that "the court's effort to recruit counsel is made only in exceptional cases." Five months later Shaffer renewed his request for counsel, which the court again denied because "the issues in this action do not appear to be of sufficient complexity to require the assistance of counsel in order for the claim to be fully and fairly developed." We agree that Shaffer's claim, which essentially alleged that Brinegar utilized excessive force during his arrest, was not so complex as to require counsel. *See, e.g., King v. Patterson,* 999 F.2d 351, 353 (8th Cir.1993) (court did not abuse discretion in denying counsel when complaint alleged single incident of excessive force, and the court felt plaintiff could adequately present the facts of his case). Further, it is apparent from Shaffer's briefs and filings in the district court that he understood the elements of his excessive force claim and was capable of representing himself at trial. For example, Shaffer utilized various discovery techniques to obtain evidence for his case, filed several motions to compel discovery and for sanctions, and adequately responded to Brinegar's arguments at summary judgment. His efforts during these proceedings demonstrate that he understood the nature of his case and how to negotiate the procedural and discovery rules to effectively represent himself. The district court did not abuse its discretion in denying Shaffer's request for counsel.

 Shaffer next argues that the district court abused its discretion when it refused to issue subpoenas for trial witnesses and advance him the costs of calling witnesses who would testify about the events surrounding his arrest. The court had denied Shaffer's initial motion for the

**584**

issuance of subpoenas because Shaffer lacked sufficient funds to tender mileage and witness attendance fees. Later Shaffer moved the court for an advance on the witness fees and subpoena costs. The district court denied Shaffer's subsequent motion for an advance on witness fees and subpoena costs, and informed Shaffer that he would be responsible for the costs of producing witnesses at trial because "these fees cannot be waived by the court nor advanced from public funds." We have held that § 1915(d) does not allow the court to *waive* witness fees for an *in forma pauperis* litigant, *see McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir.1987), and we agree with the other circuits ruling on the issue that § 1915(d) also does not authorize a district court to *advance* witness fees on behalf of indigent litigants, *see Malik v. Lavalley*, 994 F.2d 90, 90 (2d Cir.1993) (per curiam); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir.1987) (courts not authorized to pay expert witness fees); *Cookish v. Cunningham*, 787 F.2d 1, 5 (1st Cir.1986). Accordingly, the district court did not abuse its discretion in failing to subpoena Shaffer's witnesses at government expense.

■ Shaffer next contends that the district court erred in refusing to admit evidence of Brinegar's alleged pattern of using excessive force in other arrests. To demonstrate this violent pattern, Shaffer sought to introduce evidence that Brinegar had inflicted a blow to the head of a juvenile male during one arrest that required "eleven staples." The district court prop-erly denied the request, holding that prior incidents of misconduct were irrelevant to the present excessive force claim. Because Shaffer's goal was to demonstrate that Brinegar's actions conformed to his past violent behavior, a purpose that is expressly prohibited by Federal Rule of Evidence 404(b), the district court did not abuse its discretion in excluding the evidence. *See Thompson*, 33 F.3d at 855 n. 6; *Berkovich v, Hicks*, 922 F.2d 1018, 1022 (2d Cir.1991) (in § 1983 suit for excessive force by a police officer, the district court did not abuse its discretion by excluding reference at trial to prior civilian complaints filed against the officer because the proffer was merely a veiled attempt to introduce impermissible character evidence).[1]

■ Finally, Shaffer argues that the district court erred in dismissing the City of Terre Haute as a defendant. Shaffer's complaint named the City and the police department as defendants, but alleged no independent misconduct by either entity. The district court screened Shaffer's complaint as it was required to do under 28 U.S.C. § 1915A(b), and ultimately dismissed the police department because it was immune from suit under § 1983 and dismissed the City because Shaffer failed to allege that his rights were violated pursuant to a municipal policy. *See Monell*, 436 U.S. at 694, 98 S.Ct. 2018. On appeal, Shaffer reiterates that the City was responsible for "some part of the defendant's actions" and that Brinegar was "acting as a state actor wearing the Terre Haute,

---

1. Shaffer also claims for the first time on appeal that he also sought to introduce Brinegar's prior work records to show inconsistencies in Brinegar's testimony and to show that the Terre Haute police department had a practice of ignoring excessive force claims and encouraging "overly aggressive" police work. Shaffer's argument that the police department had a policy of encouraging aggressive police tactics could be construed as a claim under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (requiring a showing of implementation or execution of governmental policy before imposing municipal liability), but because he raises this argument for the first time on appeal, it is waived. *See Perry v. Sullivan*, 207 F.3d 379, 383 (7th Cir.2000) ("Arguments raised for the first time on appeal are routinely deemed waived.").

Indiana, police department uniform." Such assertions, even if taken as true and proven at trial, are insufficient to impose liability on the City or its police department because Shaffer failed to allege or show that Brinegar's alleged use of excessive force was condoned as a policy or custom of the City or police department. *Id.; Forman v. Richmond Police Dep't,* 104 F.3d 950, 965 (7th Cir.1997). Thus the district court did not err in dismissing them as parties.

AFFIRMED