Michael J. HASON, M.D.,
Plaintiff—Appellant,

v.

UNIVERSITY OF CALIFORNIA
BOARD OF REGENTS; et al.,
Defendants—Appellees.

No. 01–55695.
D.C. No. CV–96–03156–AHM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 21, 2002.

Before CANBY, BEEZER, and PAEZ,
Circuit Judges.

MEMORANDUM **

Michael J. Hason appeals pro se the
district court's judgment following dismiss-

* The panel unanimously finds this case suitable
for decision without oral argument and de-

** This disposition is not appropriate for publi-

nies Hason's request for oral argument. *See*
Fed. R.App. P. 34(a)(2).

al and summary judgment orders in his action alleging wrongful termination from a medical residency program at the Veteran's Administration Medical Center ("VAMC") in Los Angeles. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review de novo both a dismissal for failure to state a claim and a grant of summary judgment. *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam). We review for abuse of discretion a dismissal pursuant to Fed.R.Civ.P. 41(b). *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992). We may affirm on any basis fairly supported by the record. *Beezley v. Fremont Indem. Co.*, 804 F.2d 530, 530 n. 1 (9th Cir.1986) (per curiam).

The district court properly dismissed Hason's *Bivens* claim for failure to state a claim because the VAMC provided Hason all the process he was due in connection with its decision not to renew his medical residency. *See Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361, 369 (9th Cir. 1976) (holding that due process satisfied where terminated medical resident was provided notice of his deficiencies, an opportunity to examine the evidence against him, and the opportunity to present his side of the story).

 Because Hason repeatedly failed to cure the deficiencies of his Title VII claim against the Secretary of Veteran's Affairs, despite the district court's explicit instructions to do so, the district court did not abuse its discretion by dismissing his complaint for failing to comply with a court order. *See Ferdik*, 963 F.2d at 1260–61.

 Hason failed to present any evidence demonstrating that race was a factor in the decision not to renew his medical residency. *See Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1419 (9th Cir.1988) (explaining that conclusory allegations of discrimination are insufficient to preclude summary judgment). Hason also failed to present any evidence to demonstrate that he was qualified to remain in the VAMC's medical residency program. *Cf. Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1480 (9th Cir.1987) (en banc) (explaining that illicit motive may be inferred where member of a protected class is rejected from a job for which he is qualified). Accordingly, the district court properly granted the University of California Board of Regents' motion for summary judgment. *See Forsberg*, 840 F.2d at 1419.

 To the extent Hason intended to assert a Title VII claim for disparate impact, the district court properly granted summary judgment to the University of California Board of Regents because Hason failed to identify the specific allegedly discriminatory employment practices or selection criteria, or show a significant disparate impact on a protected class. *See Atonio*, 810 F.2d at 1482.

Because Hason failed to file a motion pursuant to Fed.R.Civ.P. 56(f), the district court properly granted summary judgment without allowing Hason the opportunity to conduct additional discovery. *See Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.1986).

AFFIRMED.

cation and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.