**Robert S. ORTLOFF, Plaintiff–Appellant,**

v.

**John McCAIN; et al., Defendants–Appellees.**

No. 01–17130.

D.C. No. CV–00–00211–MHM(JRI).

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002 *.

Decided June 17, 2002.

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Robert S. Ortloff appeals pro se the district court's judgment dismissing without leave to amend his action alleging that various state and federal officials violated his constitutional rights in connection with his criminal conviction, various civil actions and criminal investigations, and the denial of parole. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and may affirm on any basis fairly supported by the record, *Beezley v. Fremont Indem. Co.,* 804 F.2d 530, 530 n. 1 (9th Cir.1986) (per curiam). We affirm.

We affirm the district court's dismissal of Ortloff's amended claims pertaining to the 1984–85 investigation of a murder and arson for which he was never indicted, and a Texas state malpractice action and Arizona state wrongful death and conversion action, because those claims are time-barred. *See W. Ctr. for Journalism v. Cederquist,* 235 F.3d 1153, 1156 (9th Cir. 2000) (per curiam) (applying state's personal injury statute of limitation to *Bivens* claim); *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999) (applying Arizona's two-year personal injury statute of limitation to section 1983 claim).

The district court properly dismissed Ortloff's amended claim pertaining to his 1986 conviction for a mail bombing and 1988 conviction for possession of an unregistered firearm because success on those claims would necessarily imply the invalidity of his conviction for those crimes. *See Heck v. Humphrey,* 512 U.S. 477, 486–87 n. 6, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

The district court properly dismissed Ortloff's amended claim pertaining to the denial of parole because "few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole." *Butterfield v. Bail,* 120 F.3d 1023, 1024 (9th Cir.1997).

The district court properly dismissed Ortloff's amended claim concerning defendants' filing of allegedly frivolous civil state court actions against him because such a claim is not cognizable under section 1983. *See Paskaly v. Seale,* 506 F.2d 1209, 1212 (9th Cir.1974).

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument and denies Ortloff's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.