Ernest Kelly HOLESTINE,
Plaintiff—Appellant,

v.

Steven J. CAMBRA, Jr., Warden; et al., Defendants—Appellees.

No. 02–16772.

D.C. No. CV–98–04792–PJH.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 17, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM **

California state prisoner Ernest Kelly Holestine appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of his constitutional rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and summary judgment, *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam), and we affirm.

The district court properly dismissed Holestine's due process and living conditions claims for failure to exhaust because Holestine did not pursue the claims through the final level of administrative review. *See Booth v. Churner*, 532 U.S. 731, 740, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (holding that prisoner must exhaust administrative remedies prior to bringing suit in federal court, even where complaint seeks only money damages). We construe the district court's order dismissing these claims to be without prejudice. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The district court properly granted summary judgment on Holestine's deliberate indifference claim because, at most Holestine demonstrated that he disagreed with the defendants' assessments and recommendations regarding his mental health

needs. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (concluding that difference of opinion between inmate and physician regarding treatment does not amount to deliberate indifference). Further, the district court correctly dismissed Holestine's excessive force claim because Holestine failed to allege that he suffered even a *de minimis* physical injury when defendants extracted him from his cell. *See* 42 U.S.C. § 1997e(e); *Oliver v. Keller,* 289 F.3d 623, 627 (9th Cir.2002). Moreover, defendants were entitled to qualified immunity because Holestine's allegations regarding the cell extraction did not show that the officers acted maliciously with the intent to cause harm. *See Hudson v. McMillian,* 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

Holestine contends that the district court erred by failing to address his claims of retaliation, inadequate medical care and violations of state law. We have reviewed these claims and conclude that they lack merit. *See Beezley v. Fremont Indem. Co.,* 804 F.2d 530, 530 n. 1 (9th Cir.1986) (per curiam) (noting that this court may affirm on "any basis fairly supported by the record"). We construe the dismissal of the state law claims to be without prejudice. *See Gini v. Las Vegas Metropolitan Police Dep't,* 40 F.3d 1041, 1046 (9th Cir. 1994).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument, and we deny Lopez's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.