

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH J. FANUCCHI, M.D., | No. 12-17390 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-00737-SBA |
| v. | |
| PATRICK R. DONAHOE, U.S. Postmaster General, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted April 17, 2015[**]
San Francisco, California

Before: TROTT and GRABER, Circuit Judges, and RESTANI,[***] Judge.

Plaintiff Joseph J. Fanucchi, M.D., claims that Defendant Patrick R.

Donahoe, U.S. Postmaster General, violated his rights under the Jury System

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Improvement Act (JSIA) of 1978, 28 U.S.C. § 1875, when the United States Postal Service ("USPS") terminated Plaintiff's employment contract because he was selected to serve on a federal grand jury. The district court granted USPS's motion to dismiss, holding that sovereign immunity barred Plaintiff's claims. The district court did not reach USPS's alternative arguments that this action is barred by the statute of limitations and that issue preclusion requires dismissal. We may affirm a district court's dismissal of an action on any ground fairly supported by the record. Beezley v. Fremont Indem. Co., 804 F.2d 530, 530 n.1 (9th Cir. 1986) (per curiam). Reviewing de novo, we affirm. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1061 (9th Cir. 2004) (stating the standard of review for dismissal under Fed. R. Civ. P. 12(b)(6)).

1. Plaintiff's claims are barred by the statute of limitations. The JSIA contains no statute of limitations. 28 U.S.C. § 1875. Federal law provides a four-year default statute of limitations for civil actions, but that default may not apply because the governing statute post-dates the JSIA's enactment. 28 U.S.C. § 1658(a). In the absence of a clear statement from Congress regarding the statute of limitations, federal courts must "borrow" a limitations period from the most closely analogous state law. N. Star Steel Co. v. Thomas, 515 U.S. 29, 33–35 (1995). The most closely analogous state law is California Labor Code section

2

230(a). Because that statute contains no statute of limitations, the applicable "borrowed" statute of limitations is the three-year default period under California law. Cal. Civ. Proc. Code § 338(a). Plaintiff's discrimination claim accrued, at the latest, on December 27, 2005, when his then-attorney raised it in a letter to USPS. Plaintiff did not file this action until February 17, 2011, more than five years later. Accordingly, whether we apply the three-year state or the four-year federal statute of limitations, this action is time-barred.

2. Plaintiff's claims also must be dismissed because the Postal Service Board of Contract Appeals ("the Board") found that his "jury service played no role in the decision to terminate his Contract."[1] Plaintiff actually litigated before the Board whether his jury service motivated USPS to terminate his contract, and the Board's determination of that issue was a "critical and necessary" part of its decision. Town of N. Bonneville v. Callaway, 10 F.3d 1505, 1508 (9th Cir. 1993) (internal quotation marks omitted). Moreover, the Board acted in a judicial capacity and resolved disputed issues of fact properly before it, and the parties had an adequate opportunity to litigate. United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422 (1966). Although the Board could not award relief directly

---

[1] We take judicial notice of the Board's final decision because its content "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

3

under the JSIA, it had jurisdiction to decide whether Plaintiff's jury service motivated USPS to terminate his contract because that factual issue was at the heart of his contract claims, which the Board had authority to adjudicate.  Therefore, issue preclusion applies.  Because Plaintiff's "jury service played no role" in USPS's decision, Plaintiff cannot state a claim under the JSIA.

AFFIRMED.