NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROY D. MORAGA,

Plaintiff - Appellant,

v.

M. MINEV; J. ISAACSON; D. RICHARD,

Defendants - Appellees.

No. 24-160

D.C. No.
3:21-cv-00482-MMD-CSD

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted April 1, 2025
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

In this 42 U.S.C. § 1983 action, Roy Moraga, a Nevada state prisoner, claims

that Dr. Michael Minev, Nurse Jessica Rambur, and Nurse Danielle Richard

(collectively, the "Defendants") violated the Eighth Amendment by denying him

monitoring and treatment for Hepatitis C ("Hep-C"). The district court granted

summary judgment to the Defendants. We have jurisdiction over Moraga's appeal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

under 28 U.S.C. § 1291, and, reviewing de novo, *see Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009), affirm.

1.      Moraga contends that by following the staging requirements in Nevada Department of Corrections Medical Directive 219 ("MD 219"), the Defendants were deliberately indifferent to his "Eighth Amendment right to be free from the delay or denial of medical care for Hepatitis C." The Defendants, however, are entitled to qualified immunity if it was not clearly established that their actions or inactions were unconstitutional at the time of the violation. *See Carley v. Aranas*, 103 F.4th 653, 659 (9th Cir. 2024). "For a right to be clearly established, it must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.* at 660 (cleaned up).

We recently held that "between August 2013 and May 2018," *id.* at 661, there was "no decision of the Supreme Court, our court, or a consensus of courts that would have put [a defendant] on notice that treatment prioritization schemes like MD 219 violated the Eighth Amendment," *id.* at 662-63 (cleaned up). While Moraga's alleged denial of care occurred through November 2022, he does not cite any case since 2018 that clearly establishes that reliance on MD 219 violated the Eighth Amendment.

Moraga contends that his case involves "the right to receive adequate medical treatment for Hepatitis C," while *Carley* addressed "advanced treatment." But

because direct-acting antivirals ("DAAs") are the only treatment for Hep-C that Moraga sought, the issue is whether the Eighth Amendment clearly required that he be granted DAA treatment on a more expedited basis than provided for in MD 219, the precise issue presented in *Carley*. In any event, as we noted in *Carley*, Moraga's description of the right is too broad to put the defendants on notice that their actions were unconstitutional. *See id.* at 661. *Carley* therefore controls and Defendants are entitled to qualified immunity.[1]

      2.     To the extent that Moraga raises a failure-to-monitor claim, it fails because no Defendant participated in nor played a direct role in the monitoring of his Hep-C. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011).

      **AFFIRMED.**[2]

---

[1]    We may affirm the district court on any basis supported by the record. *Beezley v. Fremont Indem. Co.*, 804 F.2d 530, 530 n.1 (9th Cir. 1986) (per curiam).

[2]    Moraga's requests for judicial notice, **Dkt. 22, 37**, are **denied**. The parties' motions to supplement the record on appeal, **Dkt. 24, 31**, are **denied**.